ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-cr-00416 CRB |
| Plaintiff, | **[~~PROPOSED~~] DETENTION ORDER** |
| v. | |
| JIAWEI YU, | |
| Defendant. | |

On July 24, 2024, defendant Jiawei Yu was charged in a three-count Indictment with False Use of Passport, in violation of 18 U.S.C. § 1543, and False Statement to Bank, in violation of 18 U.S.C. § 1014.

This matter came before the Court on July 26, 2024, for a detention hearing. The defendant was present and represented by Valery Nechay. Assistant United States Attorney Wendy M. Garbers appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of evidence that no condition or combination of conditions will reasonably mitigate the risk of non-appearance/flight. Accordingly, the defendant must

[~~PROPOSED~~] DETENTION ORDER                    1
No. 24-cr-00416 CRB

be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: Defendant has minimal ties to the community. He is a Chinese national and has lived most of his life in China. He does not have a stable residence in the United States and has been transient in this country during his time here. He does not have strong connections to the United States or to any particular place within the United States. Although his parents are currently in the United States, they have plans to return China imminently. In a post-arrest interview, Defendant admitted that he planned to return to China, crossing the Mexican border and then flying to Beijing, in order to avoid law enforcement detection. He was arrested before he could carry out those plans. Although defendant proposes his mother as a surety, this does not mitigate the risk of flight. Defendant's mother plans to return to China shortly, so a bond would be unenforceable against her. She was also not forthcoming with Pretrial about her residential history, and the government reports that after the defendant was arrested, his mother attempted to abscond likely incriminating evidence. She is therefore unsuitable as a surety.

This finding is made without prejudice to the defendant's right to seek review of his detention, or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.     The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

[PROPOSED] DETENTION ORDER                    2
No. 24-cr-00416 CRB

IT IS SO ORDERED.

DATED:  July 26, 2024

HON. THOMAS S. HIXSON
United States Magistrate Judge